UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES EDWARD BREAKFIELD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 15-mc-0313 (KBJ) |
| THE HONORABLE ERIC H. HOLDER, JR., | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

On March 12, 2015, *pro se* plaintiff James Edward Breakfield ("Plaintiff") filed the instant complaint against the Attorney General of the United States. (Compl., ECF No. 1.) The complaint itself contains a single line of text: "Notice of Understanding and Intent and Claim of Right and Automatic Estoppel." (*Id.* at 1.)[1] Attached to the one-line complaint is a "Cover Letter" addressed to the Attorney General of the United States and carbon-copied to various federal and state officials and judges, as well as The Hague (*id.* at 2-4), and a five-page document that apparently is the Notice to which the complaint refers (*id.* at 5-9). In the Notice, Plaintiff purports to declare himself "free of all statutory obligations [and] restrictions" and asserts that "[f]ailure to register a dispute against the claims made herein will result in an Automatic Default Judgment and Permanent and Irrevocable Acquiescence barring the bringing of charges under any statute or Act against me." (*Id.* at 6-7.) This Court has reviewed Plaintiff's complaint

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

and determined that Plaintiff has failed to establish that this Court has subject matter jurisdiction over this matter. Accordingly, it will **DISMISS** his Complaint *sua sponte*. *Hurt v. U.S. Court of Appeals for D.C. Circuit Banc*, 264 F. App'x 1 (D.C. Cir. 2008) ("It was proper for the district court to analyze its own jurisdiction *sua sponte* and dismiss the case for lack of jurisdiction.") (citation omitted).

## Discussion

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the [plaintiff]." *Id.* (citation omitted). Further, when a claim is "'so attenuated and unsubstantial as to be absolutely devoid of merit[,]'" a federal court is without power to entertain that claim. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *accord Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision." (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994))).

In the instant case, Plaintiff has failed to meet his burden to establish the existence of subject matter jurisdiction, even under the "less stringent standards" to which federal courts hold *pro se* litigants. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The complaint is entirely devoid of any reference to any basis for this Court's exercise of jurisdiction over Plaintiff's case. What is more, the relief that Plaintiff appears to seek—an affirmation from this Court that he can somehow declare himself immune

from any law—is without any merit and plainly outside the scope of this Court's equitable powers.

### Conclusion

Because Plaintiff's complaint presents no federal question suitable for decision and is devoid of merit, this Court lacks subject matter jurisdiction over this matter. Accordingly, this Court will **DISMISS** the complaint with prejudice.

A separate appropriate Order accompanies this Memorandum Opinion.

Date:  May 11, 2015                    *Ketanji Brown Jackson*
                                        KETANJI BROWN JACKSON
                                        United States District Judge